DUNCAN J. McNEIL, III,

        Plaintiff,

-against-

UNITED STATES, and its Officers and Agencies;
CLERK—U.S. DISTRICT COURT—ED-NY;
CLERK—U.S. BANKRUPTCY COURT—ED-NY;
U.S. ATTORNEY—ED-NY; OFFICE OF U.S.
TRUSTEE—ED-NY; U.S. MARSHAL
SERVICE—ED-NY; FBI—ED-NY; IRS—ED-NY;
SECRET SERVICE—ED-NY; and their Officers,

        Defendants.
―――――――――――――――――――――――――X

**OPINION & ORDER**
05-CV-3320 (SJF)(LB)

FEUERSTEIN, J.:

I.    Introduction

Duncan J. McNeil, III ("Plaintiff"), currently incarcerated in Spokane, Washington, filed the instant *pro se* action on June 20, 2005. On July 26, 2005, this Court transferred the action to the Eastern District of Washington pursuant to 28 U.S.C. § 1406, declining to rule on Plaintiff's *in forma pauperis* application in favor of the transferee court. Subsequent to the entry transfer order but before the files were actually shipped on September 9, 2005, Plaintiff filed an "Ex Parte Motion to Modify, Alter or Amend Findings & Order pursuant to FRCP 52, 59 & 60." At the same time, Plaintiff also filed a "Verified Amended Complaint."

Almost immediately after the action was transferred, the Eastern District of Washington denied Plaintiff's application to proceed *in forma pauperis* and dismissed the case. McNeil v. United States, et al., 2005 U.S. Dist. LEXIS 26209, No. CV-05-281-AAM, slip op. at 2 (E.D. Wash. Sept. 19, 2005). In the dismissal order, the District Judge noted the existence of "an order which prohibits plaintiff from filing anything in the Eastern District of Washington unless

accompanied by the appropriate filing fee. Indeed, the First Amended Verified Complaint filed in this case (Ct. Rec. 6) appears to be identical to the amended complaints at issue in CV-05-249-AAM (transferred from the District of Hawaii) and CV-05-263-AAM (transferred from the Western District of Texas)." Id. The Eastern District of Washington further noted that "[P]laintiff's track record of abusing the court system is a lengthy one and clearly established." Id., at *3; see also, e.g., McNeil v. United States, 05-5060, 05-5140, 143 Fed. Appx. 350 (Fed. Cir., Aug. 17, 2005); McNeil v. United States, 4:05cv378, 2006 U.S. Dist. LEXIS 155 (M.D. Fla., Jan. 4, 2006); McNeil v. United States, 05-cv-482, 2005 U.S. Dist. LEXIS 31704 (E.D. Ky., Dec. 7, 2005) ("Mr. McNeil is a plaintiff or party to 237 cases in the federal courts, many of them reciting the same allegations as those raised here."); McNeil v. United States, 05-C-400, 2005 U.S. Dist. LEXIS 29403 (D. Wis., Nov. 30, 2005); McNeil v. United States, 05-cv-458, 2005 U.S. Dist. LEXIS 36290 (W.D. Mich., Nov. 29, 2005); McNeil v. United States, 05-cv-0774, 2005 U.S. Dist. LEXIS 30374 (N.D.N.Y., Nov. 17, 2005); McNeil v. United States, 05-cv-4767, 2005 U.S. Dist. LEXIS 25085 (E.D.N.Y., Oct. 14, 2005) (dismissing another action filed in the Eastern District of New York by Mr. McNeil and noting the Eastern District of Washington's 'sharply worded' dismissal of the action transferred by this Court) (Ross, J.); McNeil v. United States,, CV-05-1251, 2005 U.S. Dist. LEXIS 26188 (M.D. Pa., Sept. 16, 2005); McNeil v. United States, 05-cv-379, 2005 U.S. Dist. LEXIS 18757 (N.D. Ind., Aug. 30, 2005); McNeil v. United States, 05CV1006, 2005 U.S. Dist. LEXIS 37593 (D. Conn., Aug. 26, 2005); McNeil v. United States, 05-2538, 2005 U.S. Dist. LEXIS 18340 (C.D. Cal., Aug. 16, 2005); McNeil v. United States, 05-211, 2005 U.S. Dist. LEXIS 26252 (D. Wash., Aug. 9, 2005) (noting awareness of at least 70 actions filed by Plaintiff); McNeil v. United States, 05 - 300, 2005 U.S. Dist. LEXIS 19811 (D.R.I., Aug. 2, 2005); McNeil v. United States, 2005 U.S. Dist. LEXIS 14559 (N.D. Tex., July

19, 2005), McNeil v. United States, 05-114, 2005 U.S. Dist. LEXIS 34820 (D. Me., June 24, 2005); McNeil v. United States, 05-cv-587, 2005 U.S. Dist. LEXIS 38697 (M.D. Ala., June 23, 2005).

II.  Analysis

Plaintiff moves this Court to modify, alter or amend its July 26, 2005 Order. Plaintiff's motion is denied. First, having ordered the action transferred to another court, it is not clear that this Court has jurisdiction to entertain Plaintiff's motion.[1] This Court's jurisdiction is further undermined by subsequent dismissal of this action by the transferee court. Nevertheless, in light of the fact that Plaintiff's motion was filed before the transfer order was effected by the Clerk of this Court, I will consider Plaintiff's application on the merits.

A.  Fed. R. Civ. P. 52

Fed. R. Civ. P. 52(b) states, in relevant part, that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." This Court ordered the action transferred on July 26, 2005. Plaintiff's motion was filed on August 25, 2005.[2] Even using the date on which the Transfer Order appeared on the docket sheet, August 2, 2005, Plaintiff's application was filed more than ten days after the entry of the order. It is therefore denied as untimely.

B.  Fed. R. Civ. P. 59

Motions made pursuant to Fed. R. Civ. P. 59 must be made within ten (10) days of the entry of the challenged judgment. Fed. R. Civ. P. 59(b), (e); Rodick v. City of Schenectady, 1

---

[1] The Court does not suggest that it ever had jurisdiction in the first instance.

[2] Plaintiff filed a subsequent motion seeking the same relief on December 2, 2005. This motion is likewise untimely, and therefore denied for the reasons set forth herein.

3

1940 (2d Cir. 1995). Even using the August 2, 2005 date, Plaintiff's Rule 59 motion was made well beyond this ten day period, and is therefore denied as untimely.

C. Fed. R. Civ. P. 60

Fed. R. Civ. P. 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" on any of six separate grounds. In the instant case, Plaintiff fails to offer any credible arguments or evidence that he is entitled to relief under any of the enumerated grounds at Fed. R. Civ. P. 60(b)(1)-(5), or that "there are extraordinary circumstances justifying relief, . . . [that] the judgment may work an extreme and undue hardship, and . . . [that] the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted); see also Mendell on behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) ("Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances.") Plaintiff's motion for relief under Fed. R. Civ. P. 60 is therefore denied.

D. Application to Appeal *In Forma Pauperis*

Plaintiff filed an application to proceed *in forma pauperis* on appeal on December 2, 2005. Any appeal taken by Plaintiff would not be in good faith, however, in light of the fact that Plaintiff asserts claims essentially identical to those rejected in a myriad of other cases, *supra*. 28 U.S.C. § 1915(a)(3). Plaintiff's application is therefore denied.

E. Application for Extension of Time

Plaintiff requested leave to file an untimely Notice of Appeal on December 2, 2005. Fed. R. App. P. 4(a) requires that a notice of appeal be filed "within 30 days after the judgment or order appealed from is entered." However, "[t]he district court may extend that time period if (i) a

party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) expires and (ii) the moving party establishes excusable neglect or good cause." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415 (2d Cir. 2004) (citing Fed. R. App. P. 4(a)(5)). Furthermore, "[c]ompliance with Rule 4(a) is mandatory and jurisdictional . . . [and] the power of the federal courts to extend this time limitation is severely circumscribed." Id. (internal citations and quotations omitted).

Plaintiff failed to request an extension of time within thirty (30) days after the expiration of the time prescribed by Rule 4(a). Furthermore, Plaintiff has not demonstrated excusable neglect or good cause. Williams, 391 F.3d at 415 (listing factors for the court to consider). Plaintiff's claim that he did not have sufficient access to the prison law library is insufficient in this case to constitute excusable neglect of good cause. See id. (listing appellant's good faith as one of the factors to consider in determining whether excusable neglect or good cause exists). Plaintiff's application for an extension of time is therefore denied.

III. Conclusion

Plaintiff's motions to modify, alter or amend the July 26, 2005 Order, to appeal *in forma pauperis*, and for an extension of time are denied. The Clerk of Court is hereby directed to forward a copy of this order to the Clerk of Court in the Eastern District of Washington.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Brooklyn, New York
January 19, 2006

To:

Duncan J. McNeil, III
2030 W. Spofford
Spokane, WA 99220-2906